**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In Re: | : | CASE NO. 10-52693 AHWS |
| PIETRO ROTONDO A/K/A PETER ROTONDO | : | CHAPTER 13 |
| | : | |
| DEBTOR | : | |
| | : | |
| WELLS FARGO DEALER SERVICES INC. F/K/A | : | |
| WACHOVIA DEALER SERVICES INC. | | |
| MOVANT | : | |
| | : | |
| vs. | : | |
| | : | |
| PIETRO ROTONDO A/K/A PETER ROTONDO | : | |
| MOLLY T. WHITON, TRUSTEE | : | |
| RESPONDENT | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY OR,
IN THE ALTERNATIVE, ADEQUATE PROTECTION**

Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. as and for a motion, pursuant to 11 U.S.C. §362(d) and Rule 4001(a) F.R.B.P., seeking an Order granting relief from Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2003 Chevrolet Blazer, or, in the alternative, directing the debtor to immediately provide Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. with adequate protection of its security interest in the aforesaid vehicle, states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§1334(b) and §157(a) and §362(d) of Title 11, United States Code (hereinafter referred to as the "Code").  Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. On November 2, 2010 Pietro Rotondo A/K/A Peter Rotondo   hereinafter referred to as the 'Debtor' filed a voluntary petition under Chapter 13 of Title 11 of the Code with this Court.

3.      On January 31, 2007, the Debtor entered into a Retail Installment Contract (hereinafter referred to as the 'Contract') with Potamkin Cadillac/Buick Chev (hereinafter referred to as the "Seller"), whereby the Debtor agreed to pay a total of payments in the amount of $16,083.60, in connection with the purchase of a 2003 Chevrolet Blazer, Vehicle Identification Number 1GNDT13X73K154759 (hereinafter referred to as the 'Motor Vehicle').

4.      Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. and the latter is now the holder and owner of same.

5.      Pursuant to the terms and provision of the Contract, Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. was granted and presently retains a purchase money security interest in, <u>inter alia</u>, the Motor Vehicle and any accessories, equipment and replacement parts installed in said Motor Vehicle.  No other collateral exists securing this obligation.

6.      Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. duly perfected such security interest by noting its lien on the Certificate of Title.  Copies of the Contract and Certificate of Title are collectively annexed hereto as Exhibit "A" and made a part hereof.

7.      At the present time the Debtor is in default under the terms and provisions of the contract as follows:

   a.   Balance Due: $5,143.09

   b.   Pre-petition arrears: $268.06 each for the months of September 17, 2010 through and including October 17, 2010.

   c.   Post-petition arrears: $268.06 each for the months of November 17, 2010.

(**NOTE**: The forgoing does not represent any amounts which may be due for late charges, costs and attorneys' fees as may be allowed by the Court).

8. Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. has ascertained that the fair market replacement value of the motor vehicle is $6,875.00, based upon the relevant values for this vehicle set forth in the N.A.D.A. publication for this area, a copy of which is annexed hereto as Exhibit "B" and made a part hereof.

9. Pursuant to 11 U.S.C. §362(a), upon commencement of the bankruptcy case, Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. was and is stayed from taking any action against any debtor to obtain possession and control of the subject motor vehicle.

10. Upon information and belief, the Debtor continues to enjoy the use and possession of the motor vehicle subjecting same to normal occupational wear and tear thereby causing the motor vehicle to depreciate in value. It is respectfully submitted that the continued use of the motor vehicle shall eventually render it useless thereby causing Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. irreparable damage to its interests in same.

11. It is respectfully asserted that Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc.'s interest in the motor vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists, pursuant to 11 U.S.C. §362(d)(1) to grant Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. immediate relief from automatic stay herein.

13. Alternately, in the event relief from automatic stay is not granted, Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. respectfully requests that the Court compel the debtor to immediately provide Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. adequate protection of its security interests in the motor vehicle by (a) curing any default of payment obligations presently existing pursuant to the terms and provisions of the contract; (b) continuing to make payment in timely fashion thereunder; (c) maintaining adequate and continuous insurance coverage on the motor vehicle, and (d) providing such other adequate protection as the Court may deem just and proper under 11

U.S.C. §361.

14. In the event this request for adequate protection is granted, then Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. respectfully request that the order provide that it be entitled to the immediate possession of the Motor Vehicle without further Court proceedings in the event of default by the Debtor under any provisions for adequate protection which may be awarded herein after proper notice thereof.

15. No prior application for relief requested herein has been made.

**WHEREFORE,** Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d)(1), granting relief from automatic stay in order to obtain possession and dispose of its collateral or, in the alternative, directing the debtor to immediately provide for the adequate protection of the security interests of Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. in the Motor Vehicle hereinabove requested; that this Court finds that Bankruptcy Rule 4001(a)(3) is not applicable so that Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. may immediately enforce its rights against the motor vehicle; and such other relief as the Court deems just and proper.

    Dated at Bloomfield in said District on December 6, 2010

        MOVANT
        WELLS FARGO DEALER SERVICES INC. F/K/A
        WACHOVIA DEALER SERVICES INC.

        /s/Mitchell J. Levine
        Mitchell J. Levine
        Federal Bar No. CT 07985

        Law Offices of Nair & Levin, P.C.
        707 Bloomfield Avenue
        Bloomfield, CT 06002
        Telephone No. 860-242-7585
        Fax No. 860-242-2980
        e-mail address: mlevine@nairlevin.com

**UNTIED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**Bridgeport DIVISION**

IN RE
Pietro Rotondo A/K/A Peter Rotondo				: CASE NO. 10-52693 AHWS

						: CHAPTER 13

DEBTOR(S)

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on December 6, 2010, in accordance applicable law, I serve the following documents upon all entities entitled to notice) by first class mail postage prepaid or electronically:

(1) a copy of pleading initiating the contested matter, specifically: a Motion for Relief From Automatic Stay,

(2) a copy of the Proposed Order associated therewith

Dated: December 6, 2010

						WELLS FARGO DEALER SERVICES INC. F/K/A
						WACHOVIA DEALER SERVICES INC.
						THE MOVANT
						/s/Mitchell J. Levine
						Mitchell J. Levine
						Federal Bar No. CT 07985
						Law Offices of Nair & Levin, P.C.
						707 Bloomfield Avenue
						Bloomfield, CT 06002
						Telephone No. 860-242-7585
						Fax No. 860-242-2980
						e-mail address: mlevine@nairlevin.com

## **SCHEDULE A**

Debtors(s)' Attorney:
**H. Bruce Bronson, Jr.**
Bronson Law Offices, P.C.
600 Mamaroneck Ave
Suite 409
Harrison, NY 10528

**Susan Dale Red**
Red Law Firm, LLC
7 Elm Street, 2nd Floor
New Haven, CT 06510
sred@theredlawfirm.com

Debtor(s):
Pietro Rotondo A/K/A Peter Rotondo
38 Winding Lane
Norwalk, CT 06851

Trustee
**Molly T. Whiton**
10 Columbus Boulevard
Hartford, CT 06106
mtwhiton@mtwhiton.com
*(Trustee)*

U.S. Trustee:
**U. S. Trustee**
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
USTPRegion02.NH.ECF@USDOJ.GOV
*(U.S. Trustee)*